UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYNELL AVERY DENHAM,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Case No. C17-1539-JLR-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Lynell Denham is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington (FDC SeaTac). He has presented to this Court for consideration a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking to vacate his conviction under case number CR08-248-RSL, claiming "actual innocence." This Court, having reviewed the petition, recommends that this matter be dismissed.[1] *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (district court may summarily dismiss a habeas petition if it appears from the

---

[1] In a recently filed memorandum, petitioner asks that his request for relief be amended. (*See* Dkt. 6) Specifically, petitioner indicates that he is now seeking only to have his sentence vacated and his supervised release terminated, rather than to have his conviction vacated. (*See id.*) However, regardless of the specific relief requested, this petition must be dismissed for the reasons set forth below.

REPORT AND RECOMMENDATION
PAGE - 1

face of the petition that the petitioner is not entitled to relief) (citing Habeas Corpus Rule 4).

## BACKGROUND

The Honorable James L. Robart, United States District Judge, detailed the relevant facts underlying petitioner's conviction in an Order denying petitioner's prior motion under 28 U.S.C. § 2255. *Denham v. United States of America*, C12-814-JLR. This Court adopts Judge Robart's recitation of facts in order to provide context for the actual innocence claim asserted by petitioner in the instant federal habeas action. Those facts are as follows:

> Mr. Denham was accused of committing multiple sophisticated bank burglaries in the Puget Sound area by climbing into banks through the wall of an adjacent building or the roof, cutting wires to disable the security system, disabling surveillance equipment, and using a power drill to open the safe. These activities led to a 2007-08 investigation by the FBI's Puget Sound Violent Crimes Task Force that in turn led the Task Force to believe Mr. Denham (a multiple-convicted felon) had committed the burglaries.
>
> In March 2008, the Task Force concluded that there was probable cause to arrest Mr. Denham and search his home for evidence of the crimes. They obtained a search warrant and searched his residence. In the search, they found evidence that Mr. Denham had committed the bank burglaries—including clothing similar to that seen in surveillance photographs, tools suitable for committing burglaries, templates used to drill holes in safes in order to crack them, and a firearm—and arrested Mr. Denham on the spot. Mr. Denham confessed while he was detained, and the United States brought charges against him.
>
> The charges were eventually resolved by plea agreement, but only after Mr. Denham lost a suppression hearing in district court. The hearing addressed three motions to suppress challenging (1) whether the search warrant was validly obtained and executed in light of *Franks v. Delaware*, 438 U.S. 154 (1978); (2) whether Mr. Denham's confessions should have been suppressed under *Miranda v. Arizona*, 384 U.S. 436 (1966), or related doctrines; and (3) whether there was probable cause to arrest Mr. Denham. The district court held an evidentiary hearing on these motions and denied them all. Shortly thereafter, Mr. Denham entered into a plea agreement with the Government under which he pled guilty, had several charges against him dismissed, and preserved his right to appeal the district court's pretrial rulings.
>
> On appeal, Mr. Denham raised two out of the three suppression issues decided by the district court, and the Ninth Circuit affirmed on both. [footnote

omitted]  He raised the *Franks* issue and the *Miranda* issue but not the probable cause to arrest issue.  The Ninth Circuit decided in the Government's favor on both the *Franks* issue and the *Miranda* issue.  Not long after, Mr. Denham filed this motion arguing that his conviction violated the constitution because his attorney did not raise the probable cause to arrest issue on appeal, and that the court should grant relief under 28 U.S.C. § 2255.

*Lynell Avery Denham v. United States of America*, C12-814-JLR, Dkt. 38 at 2-4 (citations omitted).

Petitioner's § 2255 motion was denied on April 16, 2013. *See id*. Petitioner appealed the denial of his motion, but he was denied a certificate of appealability. *See id*., Dkts. 41, 43, 44, 46. Petitioner filed a second § 2255 motion in July 2014 which was transferred to the Ninth Circuit as a second or successive motion. *See Lynell Avery Denham v. United States of America*, C14-1125-RSL. Petitioner now seeks relief under § 2241 from the same conviction.

## DISCUSSION

Petitioner's claim of actual innocence is based on his assertion that he does not match the various suspect descriptions contained within the police reports drafted at the time the various crimes with which petitioner was charged were committed. Petitioner argues that absent evidence linking him to each of the counts charged in the superseding indictment in case CR08-248-RSL, his current confinement is unlawful. Petitioner maintains that he is permitted to proceed with this petition, and an actual and factual innocence claim, under *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Petitioner's contention does not withstand scrutiny.

"As a general rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'" *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quoting *Lorentsen* v. *Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct

REPORT AND RECOMMENDATION
PAGE - 3

1  the sentence.'" *Harrison*, 519 F.3d at 955 (quoting 28 U.S.C. § 2255). In contrast, actions

2  pursuant to § 2241 "'challenge the manner, location, or conditions of a sentence's execution[.]'"

3  *Id*. at 956 (quoting *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)). A § 2255 motion

4  must be heard in the sentencing court, while a § 2241 petition must be heard in the custodial court.

5  *Hernandez*, 204 F.3d at 864-65.

6        A federal prisoner may not avoid the general rule requiring the use of a § 2255 motion to

7  test the legality of detention by filing a § 2241 petition. *Stephens v. Herrera*, 464 F.3d 895, 897

8  (9th Cir. 2006) (citations omitted). There is an exception to this general rule which is referred to

9  as the "escape hatch" of § 2255. *Id*. (citing *Lorentsen*, 223 F.3d at 953.) Under the "escape hatch,"

10 a federal prisoner may file a § 2241 petition to contest the legality of his sentence where his remedy

11 under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id*. (citing

12 *Hernandez*, 204 F.3d at 864-65.) In order to proceed with a § 2241 petition under the escape hatch,

13 a prisoner (1) must make a claim of actual innocence, and (2) must not have had an "'unobstructed

14 procedural shot at presenting that claim.'" *Id*. at 898 (internal quotation marks omitted). For

15 purposes of the escape hatch of § 2255, a claim of actual innocence is tested under the standard

16 articulated by the Supreme Court in *Bousley*. *See id*. Thus, petitioner must demonstrate that, "'in

17 light of all the evidence, it is more likely than not that no reasonable juror would have convicted

18 him.'" *Stephens*, 464 F.3d at 898 (quoting *Bousley*, 523 U.S. at 623).

19       Petitioner claims in this proceeding that there is simply no evidence linking him to the

20 burglaries of which he was convicted. However, this claim ignores the rather obvious facts that

21 petitioner confessed to the crimes following his arrest, and that he subsequently entered guilty

22 pleas to four of the six bank burglaries. Also pertinent is the fact that petitioner sought,

23 unsuccessfully, to have his post-arrest custodial statements suppressed, a result affirmed by the

REPORT AND RECOMMENDATION
PAGE - 4

Ninth Circuit. *See* CR08-248-RSL, Dkts. 53, 69 and 111. Thus, if petitioner had proceeded to trial, his confession would have been admissible against him.[2]

In light of petitioner's confession, and the fact that such evidence would likely have been presented had petitioner elected to go to trial, there is simply no basis upon which this Court can conclude that, even with discrepancies in the suspect descriptions contained within the police reports of the multiple burglaries, it is more likely than not that no reasonable juror would have convicted petitioner of those offenses. Petitioner also fails to demonstrate that he never had an unobstructed procedural shot at presenting a claim of actual innocence to the Court. The evidence petitioner references in support of his actual innocence claim; *i.e.*, the original police reports of the crimes, is not new evidence. In fact, according to petitioner's own representations in the instant petition, it appears that he has long been aware of the existence of these reports. Petitioner therefore could have presumably raised his actual innocence claim in the § 2255 motion he filed in 2012.

## CONCLUSION

For the foregoing reasons, petitioner does not qualify for the escape hatch to § 2255 and may not pursue his actual innocence claim in a petition brought under § 2241. This Court there recommends that petitioner's federal habeas petition be denied, and that this case be dismissed. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

---

[2] Petitioner maintains that his confession and, in fact, his guilty plea are moot in the context of this § 2241 petition, but he fails to make clear why he believes this to be the case.

your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 8, 2017**.

DATED this 16th day of November, 2017.

Mary Alice Theiler
United States Magistrate Judge